15-1064-cv
*RW Grand Lodge of Free Masons v. Meridian Capital Partners*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand and fifteen.

Present:
        PETER W. HALL,
        DENNY CHIN,
        SUSAN L. CARNEY,
                *Circuit Judges*.

_____

THE R.W. GRAND LODGE OF FREE & ACCEPTED MASONS OF PENNSYLVANIA,

        *Plaintiff-Appellant*,

      v.                            No. 15-1064-cv

MERIDIAN CAPITAL PARTNERS, INC., MERIDIAN DIVERSIFIED FUND, LTD, MERIDIAN DIVERSIFIED FUND MANAGEMENT, LLC, WILLIAM H. LAWRENCE,

        *Defendants-Appellees*,

ERNST & YOUNG LLP,

        *Defendant*.

_____

For Plaintiff-Appellant:                   SIDNEY S. LIEBESMAN (Craig E. Ziegler, *on the brief*), Montgomery McCracken Walker & Rhoads LLP, New York, New York.

1

For Defendants-Appellees:             MARSHALL H. FISHMAN (Aaron C. Lang, Samuel J. Rubin, *on the brief*), Freshfields Bruckhaus Deringer US LLP, New York, New York.

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Griesa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant The R.W. Grand Lodge of Free & Accepted Masons of Pennsylvania ("Grand Lodge") appeals from a March 17, 2015 final judgment entered in the United States District Court for the Southern District of New York (Griesa, *J.*) that dismissed appellant's claims under the Securities and Exchange Act of 1934 for failing to state a claim under Federal Rules of Civil Procedure 12(b)(6) and 9(b) and precluding, pursuant to the Securities Litigation Uniform Standards Act ("SLUSA"), Appellant's state law claims. Appellant also appeals the district court's Order of Consolidation entered on October 22, 2009 that consolidated Appellant's claims with the three other actions that were subject to the August 12, 2009 Multi-District Litigation Transfer order ("MDL Transfer Order"). *See* Consolidation Order, No. 1:09-MD-2082 (S.D.N.Y. Oct. 22, 2009); Transfer Order, No. 1:09-7099 (S.D.N.Y. Aug. 12, 2009). On appeal, Grand Lodge argues that the district court abused its discretion by consolidating its claims with those of other plaintiffs and that the district court erred by dismissing its federal securities claims under Rules 12(b)(6) and 9(b) and by precluding its state law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons stated below, we affirm.

We begin by addressing Grand Lodge's argument that the district court erred by consolidating its claims. We "will not disturb a trial court's decision to consolidate unless a clear abuse of discretion is shown." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). A district court may consolidate actions when there are "common question[s] of law or fact" pending before it. Fed. R. Civ. P. 42(a). A party moving for consolidation "must bear the burden of showing the commonality of factual and legal issues in different actions, and a district court must examine the special underlying facts with close attention before ordering a consolidation." *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993).

The district court did not abuse its discretion when it consolidated all of the claims that were subject to the MDL Transfer order. There are common questions of fact among all four consolidated actions which center on the representations that Appellees made in their investor presentations, quarterly reports, and letters to investors that relate to Appellees' decision to invest in the Rye Funds and to the adequacy of Appellees' due diligence policy. Moreover, although Grand Lodge's claims were consolidated with ERISA claims, this alone does not evince "that consolidation here was a sufficiently clear abuse of discretion" to warrant reversal. *Cf. id.* (finding an abuse of discretion when "the sole common fact among the[] cases [was] a claim of injury of such generality that it covers a number of different ailments for each of which there are numerous possible causes other than the tortious conduct of one of the defendants" and when "the plaintiffs come from a variety of jurisdictions and rely for their claims on the laws of different states").[1]

---

[1] On appeal, Grand Lodge argues that consolidation was improper because consolidation had "prejudicial implication under SLUSA" in that it was thereby precluded from asserting state law claims. App. Br. 22. We do not consider this argument, however, because Grand Lodge did not raise this argument in the district court. *Allianz Ins. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005)

3

Turning to the dismissal of Grand Lodge's claims under Section 10(b) of the Securities and Exchange Act of 1934, we review *de novo* a district court's dismissal for failure to state a claim. *Commack Self-Serv. Kosher Meats, Inc. v. Hooker*, 680 F.3d 194, 203 (2d Cir. 2012). To state a claim under Section 10(b) Grand Lodge must allege with particularity that "in connection with the purchase or sale of securities, the defendant, acting with scienter, made a false material representation or omitted to disclose material information and that [Grand Lodge's] reliance on [Appellees'] action caused [the] injury." *In re Time Warner, Inc. Sec. Litig.*, 9 F.3d 259, 264 (2d Cir. 1993). Under the Private Securities Litigation Reform Act ("PSLRA"), and Rule 9(b) of the Federal Rules of Civil Procedure, a securities fraud claim must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(1) & (2). Under Section 10(b), a plaintiff must allege that the defendant acted with intention or recklessness. *See Local 134 IBEW Joint Pension Tr. v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009). Alleging a violation of Section 10(b) with particularity requires Grand Lodge to identify specifically the fraudulent statements, the identity of the speaker, where and when the statements were made, and why the statements were fraudulent. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006). A plaintiff pleads a strong inference of scienter when a complaint sufficiently alleges that the defendants "benefited in a concrete and personal way from the purported fraud; engaged in deliberately illegal behavior; knew facts or had access to information suggesting that their public statements were not accurate; or failed to check information they had a duty to monitor." *Novak v. Kasaks*, 216 F.3d 300, 311 (2d Cir. 2000). We must consider whether "*all* of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in

("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (quoting *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994))).

isolation, meets that standard." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007).

The district court did not err when it dismissed Grand Lodge's claims under Section 10(b) because Grand Lodge failed to plead facts giving rise to a strong inference of scienter. Grand Lodge argues that Appellees intentionally and recklessly made material misrepresentations and omissions related to Appellees' performance history, investment strategy, and heightened standards of due diligence. Grand Lodge further contends that it pled facts giving rise to a strong inference of scienter by alleging that 1) Appellees benefitted in a personal way from perpetuating their fraud, 2) Appellees knew facts or had access to information suggesting that their public statements were not accurate, and 3) Appellees failed to check information that they had a duty to monitor and ignored obvious signs of fraud. Taken collectively, nonetheless, the facts Grand Lodge has pled fail to give rise to a strong inference of scienter. Grand Lodge essentially makes a "red flag" argument—that Appellees were aware or had the duty to become aware of red flags in the Rye Funds' operations and that Appellees were reckless in ignoring the red flags. This court, along with many district courts in this circuit, has rejected similar claims based upon a failure of due diligence to uncover Madoff's infamous Ponzi scheme. *See DeLollis v. Friedberg, Smith & Co.*, 600 Fed. App'x 792, 796 (2d Cir. 2015) ("Numerous actions brought against auditors and investment advisors by victims of Madoff's fraud have been dismissed despite the presence of 'red flags,' which in hindsight arguably should have called attention to Madoff's illegal conduct."); *Meridian Horizon Fund, LP v. KPMG*, 487 F. App'x 636, 640–41 (2d Cir. 2012) (stating that "the more compelling inference as to why Madoff's fraud went undetected for two decades was his proficiency in covering up his scheme and deceiving the SEC and other financial professionals" (quoting *Meridian Horizon Fund, LP v. Tremont Grp.*

5

*Holdings, Inc.*, 747 F. Supp. 2d 406, 413 (S.D.N.Y. 2010)). Although Grand Lodge insists that its claims are not about Madoff, all of the fraudulent behavior it has alleged is in connection with Appellees' failure to uncover, or disclose, fraud connected to the Rye Funds. Grand Lodge, therefore, has not pled the requisite scienter under the heightened pleading standards of the PSLRA, and thus, its Section 10(b) claims must be dismissed.

Grand Lodge's complaint further alleges that Appellee William H. Lawrence is liable as a "control person" under Section 20(a) of the Securities and Exchange Act of 1934. 15 U.S.C. § 78t(a). Here, because Grand Lodge failed to plead a primary violation under Section 10(b), there can be no "control person" liability under Section 20(a). The district court properly dismissed Grand Lodge's Section 20(a) claim.

Finally, we address Grand Lodge's argument that the district court erred by dismissing its state law claims under SLUSA's preclusion provision. SLUSA precludes a plaintiff's state or common law claims that allege "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security" so long as the claims are part of a "covered class action." 15 U.S.C. § 78bb(f)(1)(A); *see also Chadbourne & Parke LLP v. Troice*, 134 S. Ct. 1058, 1062 (2014). A "covered class action" includes "any group of lawsuits filed in or pending in the same court and involving common questions of law or fact . . . [and that] are joined, consolidated, or otherwise proceed as a single action for any purpose." 15 U.S.C. § 78bb(f)(5)(B)(ii). A state claim alleges deception "in connection with" a sale or purchase of a "covered security" when the misrepresentation relates to investments in a covered security even when a plaintiff does not purchase the covered security itself. *In re Kingate Mgmt. Lim. Litig.*, 784 F.3d 128, 141–42 (2d Cir. 2015); *In re Herald*, 730 F.3d 112, 118 (2d Cir. 2013). A state law claim is precluded under SLUSA, however, only if the alleged misrepresentation is

6

"necessary to... liability under the state law claim[]." *Kingate*, 784 F.3d at 142. If the "allegation is extraneous to the complaint's theory of liability, it cannot be the basis for SLUSA preclusion." *Id.* at 142-43. We conduct this analysis on a "claim-by-claim basis," *id.* at 143, and only those state law claims that are predicated on a defendant's deceptive conduct will be precluded, *id.* at 146. A plaintiff may not avoid SLUSA preclusion, however, "by artfully characterizing a claim as dependent on a theory other than falsity when falsity nonetheless is essential to the claim" *Id.* at 140.

Here, the district court properly dismissed Grand Lodge's remaining state law and common law claims pursuant to SLUSA's preclusion provision.[2] Grand Lodge's claims are part of a "covered class action" because they were "joined, consolidated, [and] otherwise proceed[ed] as a single action," 15 U.S.C. § 78bb(f)(5)(B)(ii), with a covered class action after they were officially consolidated by the district court in a consolidation order. *See* Consolidation Order, No. 1:09-MD-2082 (S.D.N.Y. Oct. 22, 2009). Even if we were to agree that the district court treated Grand Lodge's claims as if they were coordinated, and not consolidated, the claims would still be part of a "covered class action" because they were subject to the MDL Transfer order and "otherwise proceed[ed] as a single action." 15 U.S.C. § 78bb(f)(5)(B)(ii); *see Markey v. Citigroup, Inc.*, 2013 WL 6728102 at *6 (S.D.N.Y. Dec. 20, 2013); *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, No. 09-2058, 2013 WL 6504801 at *5 (S.D.N.Y. Dec. 11, 2013); *Amorosa v. Ernst & Young LLP*, 682 F. Supp. 2d 351, 372–77 (S.D.N.Y. 2010). Grand Lodge's state law claims allege deception "in connection with" a sale or purchase of a covered security because Grand Lodge's claims center on Appellees'

---

[2] Grand Lodge asserts the following state law claims: Fraudulent Inducement, Misrepresentation, Negligent Misrepresentation, Negligence, Unjust Enrichment, Breach of Fiduciary Duty, Aiding and Abetting a Breach of Fiduciary Duty, Conspiracy, and violations of §§ 1-401 and 1-501 of the Pennsylvania Securities Act of 1972.

representations about its investing decisions with the Rye Funds, which explicitly purported to invest in covered securities. *See Kingate*, 784 F.3d at 133 (recognizing that a representation almost identical to the one Appellees made here was adequate to connect an alleged deception by a hedge fund to a "covered security" because "the plaintiffs' expectations . . . [were] that the Funds would invest in common stock of Standard & Poors 100 companies listed on United States exchanges."); *see also Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 85 (2006) (stating that when analyzing the "in connection with" requirement "it is enough that the fraud alleged 'coincide' with a securities transaction"). Because all of Grand Lodge's state law claims are premised on false representations Appellees are alleged to have made in connection with its due diligence procedures, "falsity [] is essential to [all of Grand Lodge's state] claim[s]." *Kingate*, 784 F.3d at 140. The district court did not err when it dismissed, pursuant to SLUSA, Grand Lodge's remaining claims.

We have considered all of Grand Lodge's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

8